MARTIN J. BRILL (Calif. Bar No. 53220)
mjb@lnbyb.com
DAVID B. GOLUBCHIK (Calif. Bar No. 185520)
dbg@lnbyb.com
KRIKOR J. MESHEFEJIAN (Calif. Bar No. 255030)
kjm@lnbyb.com
**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244

Steven R. Skirvin (Utah Bar No. 7626)
srs@dkclaw.com
**DION-KINDEM & CROCKETT**
10808 S. River Front Parkway, Suite 308
South Jordan, UT  84095
Telephone: (801) 984-8045; Facsimile: (801) 984-4315

*Attorneys for Plaintiff Western Utah Copper Company*

**IN THE UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re<br><br>WESTERN UTAH COPPER COMPANY, et al.,<br><br>    Debtors and Debtors in Possession. | Bankruptcy Case No.  10-29159-WTT<br>(Jointly Administered with<br>Case No. 10-30002 WTT)<br>Chapter 11<br><br>Chief Judge William T. Thurman |
| WESTERN UTAH COPPER COMPANY, et al.,<br><br>    Plaintiffs,<br>vs.<br><br>EDWIN REESE DAVIS, et al.,<br><br>    Defendants. | Adv. Pro. No. 10-02856<br><br>**AMENDED REPORT OF PARTIES PLANNING MEETING PURSUANT TO FED. R. CIV. P. 26(F)**<br><br>Initial Pretrial Conference:<br>February 9, 2011, 10:00 a.m. |

1. Pursuant to Fed. R. Civ. P. 26(f), a follow-up telephonic meeting to the prior meeting of counsel was held on February 2, 2011 and was attended by:

Steven R. Skirvin, Dion-Kindem & Crockett, for Plaintiffs Western Utah Copper Company and Copper King Mining Corporation ("Plaintiffs").

Blaine T. Hofeling, Hofeling Wayment Marchant LLP, for Defendants Davis Accounting Group, P.C. and Edwin Reese Davis.

2. **Pre-Discovery Disclosures.** The parties have agreed to exchange the information required by Fed. R. Civ. P. 26(a)(1) on or before February 28, 2011.

3. **Discovery Plan**. The parties jointly propose to the court the following discovery plan:

a. Discovery will be needed on the following subjects: All matters raised by the pleadings.

b. Disclosure or discovery of electronically stored information should be handled as follows: pursuant to the federal rules of civil procedure governing electronic discovery.

c. The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation material asserted after production, as follows:

In the event that a party, in reviewing documents or electronically stored information ("ESI") produced by the other party, comes across any document that the receiving party reasonably believes is privileged pursuant to the attorney-client privilege and/or the work product doctrine, then the receiving party will promptly return the document to the producing party and shall not use such document for any purpose. With respect to a document (either in hard-copy form or contained within ESI) that the receiving party reasonably did not believe or understand to be privileged pursuant to the attorney-client privilege and/or the work product doctrine, in the event that the receiving party seeks to introduce such a document during the examination of a witness at a deposition, the producing party must promptly notify the receiving party of the claim of privilege, and request (a) that the document (and all copies thereof) be returned to the producing party and (b) that no examination of the witness regarding such document should be allowed. Similarly, if the receiving party lists such a document on an

exhibit list as an exhibit that the receiving party intends to, or may seek to, offer into evidence at a trial or other evidentiary hearing, then within five days after receiving such exhibit list, the producing party must notify the receiving party of the claim of privilege, and request (a) that the document (and all copies thereof) be returned to the producing party and (b) that the document not be used as an exhibit at such hearing or trial.  If the parties are unable to agree informally with respect to the producing party's claim of privilege, then either party may submit a motion to the Court for a ruling with respect to whether such document is privileged and/or if so, whether such privilege has been waived.  Upon such motion, the party claiming that such document is privileged shall have the burden of persuasion with respect to establishing that the document is privileged, and if so, that the privileged has not been waived.  However, unless and until the Court rules that the document is not privileged or that the privilege, if any, has been waived, the receiving party shall not use the document for any purpose other than in connection with the motion to have the Court determine whether the document is privileged and if so, whether the privilege has been waived.  The parties agree to cooperate to have such motion heard on an expedited basis so that the Court can rule on the issue as quickly as possible.

      d.      All fact discovery must be commenced in time to be completed by June 30, 2011.

      e.      Maximum of 30 interrogatories, including all discrete subparts, by each party to any other party.  Responses due 30 days after service.

      f.      Unlimited requests for admission by each party to any other party.  Responses due 30 days after service.

      g.      Unlimited requests for production of documents.  Responses due 30 days after service.

      h.      Maximum of 10 fact depositions by Plaintiffs and 10 by Defendants.

      i.      Each deposition limited to maximum of seven hours unless extended by agreement of parties.

      j.      Reports from retained experts under Rule 26(a)(2) due:

          (a)      from Plaintiff by August 22, 2011; and

          (b)      from Defendant by July 29, 2011.

k. All expert discovery, including any depositions of experts, must be completed by September 30, 2011.

4. **Other Items.**

a. The parties request a pretrial conference in September 2011.

b. The deadline for filing any motions to join additional parties and/or to amend the pleadings is March 31, 2011.

c. All dispositive or potentially dispositive motions shall be filed by no later than August 1, 2011.

d. Settlement cannot reasonably be evaluated prior to May 1, 2011.

e. Final lists of witnesses and exhibits under Rule 26(a)(3) shall be due no later than October 3, 2011.

f. Parties shall have 14 days after service of final lists of witnesses and exhibits to serve and file a list of any objections under Rule 26(a)(3)(B).

g. The case should be ready for trial by October 17, 2011, and at this time is expected to take three days.

**(Remainder of this page intentionally left blank)**

DATED this 2nd day of February, 2011.

                                **DION-KINDEM & CROCKETT**

                                By: /s/ *Steven R. Skirvin*
                                    STEVEN R. SKIRVIN
                                    and LEVENE, NEALE, BENDER, YOO &
                                    BRILL L.L.P.
                                    KRIKOR J. MESHEFEJIAN
                                    Attorneys for Plaintiffs


                              **HOFELING WAYMENT MARCHANT, LLP**

                                By: /s/ *Blaine T. Hofeling*
                                    BLAINE T. HOFELING
                                    Attorneys for Defendants