**The below described is SIGNED.**

(tjc)

**Dated: February 09, 2011** _____
                                 **WILLIAM T. THURMAN**
                                 **U.S. Bankruptcy Chief Judge**



_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

_____

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| WESTERN UTAH COPPER COMPANY, et al., | ) ) | Bankruptcy Case No. 10-29159 (Jointly Administered with 10-30002) |
| | ) | |
| Debtor(s). | ) | Chapter 11 |
| _____ | ) | |
| | ) | |
| WESTERN UTAH COPPER COMPANY, et al, | ) ) | Adversary Proc. No. 10-2856 |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EDWIN REESE DAVIS, et al., | ) | ORDER GOVERNING SCHEDULING |
| | ) | AND PRELIMINARY MATTERS |
| Defendant(s). | ) | |

_____

This matter came on for an initial pretrial conference before the Honorable William T. Thurman, United States Bankruptcy Judge, on **February 9, 2011,** pursuant to Fed. R. Civ. P. 16(b) and Fed. R. Bankr. P. 7016. **Steven R. Skirvin** appeared on behalf of the plaintiff(s). No appearance was made on behalf of defendant(s). The following matters were discussed and scheduled. Times and deadlines set forth herein may not be modified without the approval of the court and on a showing of good cause. Pursuant thereto,

      **IT IS HEREBY ORDERED** that:

      1.    The report of the parties' planning meeting is hereby accepted.

      2.    **PRE-DISCOVERY DISCLOSURES:** Fed. R. Civ. P. 26(a)(1) and Fed. R. Bankr. P. 7026 completion date **February 28, 2011.**

3. **DISCOVERY PLAN:** The discovery cut-off date in this adversary proceeding is **June 30, 2011.** All discovery, including responses to discovery requests, must be completed by such date. Discovery requests shall be served sufficiently in advance to require responses to such requests to have been served and filed by such date. The parties are directed to the Local Rules, including Rule 7026-1, for their application. Discovery motions, including motions to compel or for sanctions under Fed. R. Civ. P. 37 and Fed. R. Bankr. P. 7037, and motions for extension of the discovery deadline, shall be filed sufficiently in advance of the discovery cut-off date to allow compliance with the date.

4. **LIMITATIONS ON DISCOVERY.** The following limitations on discovery have been fixed by the court.

   a. Maximum interrogatories by any party to any party. **30**

   b. Maximum requests for admissions by any party to any party. **Unlimited**

   c. Maximum requests for production of documents by any party to any party. **Unlimited**

   d. Maximum number of depositions by plaintiff(s). **10**

   e. Maximum number of depositions by defendant(s). **10**

   f. Each deposition shall be limited to a maximum of hours unless extended by agreement of the parties. **7**

   g. Deadline for Fed. R. Civ. P. 26(a)(2) and Fed. R. Bankr. P. 7026 reports from retained experts.

   Plaintiff(s)'s report(s) due by **August 22, 2011**

   Defendant(s)'s report(s) due by **July 29, 2011**

   h. All expert discovery, including any depositions of experts, much be completed by **September 30, 2011.**

   i. Supplementations under Fed. R. Civ. P. 26(e) and Fed. R. Bankr. P. 7026 are due **in accordance with the Rules.**

5. **MOTION DEADLINE:** The deadline for joining additional parties by plaintiff(s) is **March 31, 2011**, by defendant(s) is **March 31, 2011.** The deadline for amending pleadings by plaintiff(s) is **March 31, 2011,** by defendant(s) is **March 31, 2011.** The deadline for filing dispositive or potentially dispositive motions is **August 1, 2011.**

6.     **WITNESSES AND EXHIBITS:**  Final lists of witnesses and exhibits are due from plaintiff(s) and from defendant(s) by **October 3, 2011.**

The parties will have **fourteen (14)** days after service of final lists of witnesses and exhibits to list objections pursuant to Fed.R.Civ.P. 26(a)(3) and Bankruptcy Rule 7026.

No witness whose name has not been provided hereby shall be permitted to testify at trial and no exhibit that has not been exchanged as required hereby shall be admitted into evidence at trial.

7.     **ATTORNEYS' CONFERENCE:**  Counsel for the parties, and/or a party if pro se, shall hold an attorneys' conference to discuss settlement, a proposed pretrial order, stipulated facts, exhibit lists, witness lists and other matters that will aid in the preparation of an accurate, complete and definitive pretrial order.  This attorneys' conference shall be held on **August 31, 2011**, at the office of plaintiff (if acting pro se) or plaintiff(s)'s counsel.

8.     **PRETRIAL ORDER:**  The parties shall file a proposed pretrial order on or before **September 14, 2011.**  Plaintiff(s)'s counsel (or plaintiff if acting pro se) shall take the lead in drafting the proposed pretrial order that shall be presented for discussion at the attorneys' conference.  If counsel (or the parties if acting pro se) are unable to agree upon a proposed pretrial order, the matter will be resolved by the court at the final pretrial conference.  If no agreement as to the proposed pretrial order has been reached, plaintiff(s)'s counsel (or plaintiff if acting pro se) shall nevertheless file on the required date a proposed pretrial order which shall be accompanied by a statement from counsel for the parties explaining and arguing the areas of disagreement.

**Failure of plaintiff(s)'s counsel (or plaintiff if acting pro se) to timely file a stipulated pretrial order, or a proposed pretrial order and an explanation as to the failure to stipulate, as described above, shall, unless the court grants relief for cause shown, result in the dismissal of the adversary proceeding.**  If defendant(s)'s counsel (or defendant if acting pro se) fails to stipulate to the proposed pretrial order timely filed by the plaintiff(s) and fails to file timely defendant(s)'s explanation and argument with respect to shortcomings in the proposed pretrial order, the proposed order, unless modified by the court to prevent manifest injustice, shall control the course of the trial.

9.     **FINAL PRETRIAL CONFERENCE:**  A final pretrial conference shall be held on **September 28, 2011,** at **10:00 a.m.** before the Honorable William T. Thurman, United States Bankruptcy Judge, in Room 376, Frank E. Moss United States Courthouse, 350 South Main Street, Salt Lake City, Utah.

10.    **TRIAL BRIEFS:** The parties are ordered to file trial briefs.  The briefs shall address all legal issues in dispute and shall be due **ten (10) business days** prior to trial.  All trial briefs shall be accompanied with two (2) courtesy copies for the court's use.  Counsel shall specify in the trial briefs all law (statutes, cases, etc.) which will be argued to the court or upon which counsel intend to rely.  If counsel determine no legal issues to be in dispute, no trial briefs

need be submitted unless the court orders otherwise. A party not filing or not timely filing a trial brief is deemed to have waived his right to oral argument of the law at trial and/or to have conceded the legal issues in dispute unless justice otherwise dictates.

11.     **PROPOSED FINDINGS AND CONCLUSIONS:** Proposed findings and conclusions are required by Local Rule 7052-1 and shall be filed by counsel on or before **ten (10) business days prior to trial in written format accompanied by a diskette.**

12.     **TRIAL:** The date for trial will be fixed at the final pretrial conference, and will be tried by the Honorable William T. Thurman, in Room 376, Frank E. Moss United States Courthouse, 350 South Main Street, Salt Lake City, Utah. Estimated trial time is **three (3)** day(s). Settlement prospects are **unknown**. All exhibits shall be marked for identification at least two (2) days prior to the time of trial, pursuant to Local Rule 9070-1.  <u>Two duplicate copies of exhibits shall be made available to the court at the time originals are received into evidence to assist the court in reviewing the evidence in bench trials.</u>

13.     Counsel shall consult the Local Rules of this court with respect to motion practice, attorneys' conference, content of the proposed pretrial order, the filing of proposed findings and conclusions in a trial to the court, and other matters appropriate to the litigation. In the event of conflict between any Local Rule and this order, this order shall control.

14.     The parties are encouraged to seek mediation of the matter, and the Court may conduct separate future status conferences to inquire as to the parties' progress.

The schedule embodied herein shall not be altered except for good cause and upon approval of the court. Any stipulated settlement or motion for continuance of trial should be filed with the court not less than three (3) working days before the trial setting. Unless good cause is shown, where a settlement is made or a continuance granted less than three (3) working days before trial, the clerk shall assess costs equally to the parties, including, but not limited to, court costs, reporter costs, and filing costs, of $50.00 or more. In any case, any stipulation or motion for continuance of trial should be communicated to the trial calendar clerk so the matter may be stricken from the court's calendar and the time otherwise used.



-------------------------------------END OF DOCUMENT-------------------------------------

SERVICE LIST

David B. Golubchik
Levene, Neale, Bender, Yoo & Brill L.L.P
10250 Constellation Boulevard
Ste 1700
Los Angeles, CA 90067

Steven R. Skirvin
Dion-Kindem & Crockett
10808 S. River Front Parkway
Suite 308
South Jordan, UT 84095
    *Attorneys for Plaintiff*

Blaine T. Hofeling
Hofeling Wayment Marchant LLP
1760 North Main
Suite 220
Cedar City, UT 84721
    *Attorney for Defendants*